**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 22-147 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Geraldo Jay Dilworth, | |
| Defendant. | |

Katharine T. Buzicky, Craig R. Baune, and Lauren Roso, United States Attorney's Office, District of Minnesota, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the United States

Geraldo Jay Dilworth, Reg. No. 12036-510, FCI-Coleman #1, P.O. Box 1033, Coleman, FL 33521, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant/Petitioner Geraldo Jay Dilworth's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 67] ("2255 Motion") and his Pro Se Motion for the Suppression Hearing Transcript [Doc. No. 68].

Mr. Dilworth did not file a memorandum in support of his 2255 Motion. In his 2255 Motion, he states in a single sentence, "I am requesting this honorable court for a 2255 motion for ineffective assistance of counsel." (Def.'s 2255 Mot. at 1.) This filing fails to meet the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings. Among the requirements of Rule 2, a 2255 motion must "specify all the grounds for relief available

to the moving party", "state the facts supporting each ground", and "state the relief requested." R. Governing § 2255 Proceedings 2(b)(1)–(3). The Court therefore **ORDERS** Mr. Dilworth to file a memorandum that more fully sets for the basis for relief **WITHIN 30 DAYS**. Should he fail to do so, his 2255 Motion will be denied as deficient under Rule 2. If he files a memorandum, the Court will conduct a preliminary review of the motion under Rule 4(b)[1] before directing the Government to respond.

As to Mr. Dilworth's Motion for the Suppression Hearing Transcript [Doc. No. 68], it is **DENIED WITHOUT PREJUDICE**.

Date:  March 13, 2024

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge

---

[1] Rule 4 of the Rules Governing Section 2255 Proceedings provides,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving part is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

R. Governing § 2255 Proceedings 4(b).