UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Criminal No. 22-147 (SRN/TNL) |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Geraldo Jay Dilworth, | |
| Defendant. | |

---

Katharine T. Buzicky, Craig R. Baune, and Lauren Roso, United States Attorney's Office, District of Minnesota, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the United States

Geraldo Jay Dilworth, Reg. No. 12036-510, FCI-Coleman #1, P.O. Box 1033, Coleman, FL 33521, Pro Se Defendant

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant/Petitioner Geraldo Jay Dilworth's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 67] ("2255 Motion"). Noting deficiencies in the 2255 Motion, the Court issued an Order on March 13, 2024 [Doc. No. 70] directing Mr. Dilworth to file a memorandum that met the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings ("Rule 2") within 30 days. If he failed to do so, the Court advised that his 2255 Motion would be denied as deficient.

1

Under Rule 2, a 2255 motion must "specify all the grounds for relief available to the moving party", "state the facts supporting each ground", and "state the relief requested." R. Governing § 2255 Proceedings 2(b)(1)–(3).

In his 2255 Motion, Mr. Dilworth states in a single sentence, "I am requesting this honorable court for a 2255 motion for ineffective assistance of counsel." (Def.'s 2255 Mot. at 1.)  Mr. Dilworth has not complied with the Court's March 13, 2024 Order to file a memorandum stating the grounds for relief, the facts supporting each ground, and the relief requested, within the 30-day period.  Therefore, due to his failure to comply with Rule 2 of the Rules Governing Section 2255 Proceedings, and his failure to comply with the March 13, 2024 Order, Mr. Dilworth's 2255 Motion is denied without prejudice.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  Accordingly, the Court denies a certificate of appealability.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Mr. Dilworth's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 67] is **DENIED WITHOUT PREJUDICE**.

2. The Court **DENIES A CERTIFICATE OF APPEALABILITY.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:  May 3, 2024                              s/Susan Richard Nelson
                                                Susan Richard Nelson
                                                United States District Judge